**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4376-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUAN SOTO, a/k/a
JUAN RAMON SOTO,

    Defendant-Appellant.

_____

          Submitted December 16, 2019 – Decided January 22, 2020

          Before Judges Messano and Ostrer.

          On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 96-10-1184.

          Juan Soto, appellant pro se.

          Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 1998, a jury acquitted defendant Juan Soto of knowing and purposeful murder, N.J.S.A. 2C:11-3(a)(1) and (2), but convicted him of felony murder, N.J.S.A. 2C:11-3(a)(3), and related crimes. State v. Soto, No. A-0770-98 (App. Div. June 13, 2001) (slip op. at 1–2). After appropriate mergers, the trial judge sentenced defendant to a term of life imprisonment with a thirty-year period of parole ineligibility and imposed concurrent sentences on the other convictions. Id. at 2. We reversed defendant's conviction for kidnapping but otherwise affirmed his convictions and sentence. Id. at 12. The Supreme Court denied defendant's petition for certification. 170 N.J. 209 (2001). We ultimately affirmed the denial of defendant's petition for post-conviction relief. State v. Soto, No. A-0378-08 (App. Div. Nov. 10, 2010).

In May 2017, defendant filed a pro se motion to correct an illegal sentence. He contended his sentence was illegal because the felony murder statute was "unconstitutionally vague[,]" and, lacking sufficient guidelines, resulted in "arbitrary and discriminatory enforcement." Defendant also contended that his sentence was "unconstitutional because it [was] grossly disproportionate to the unintended death for which he was convicted." He argued his sentence "constitute[d] cruel and unusual punishment."

Judge Anthony M. Massi, who was not the trial judge, denied defendant's motion. In a written opinion that accompanied his order, Judge Massi first noted that defendant's challenge to the legality of his sentence was not time-barred. See R. 3:21-10(b)(5) (noting a court may at any time correct "a sentence not authorized by law, including the Code of Criminal Justice"). The judge correctly observed that the first step in reviewing a challenge to the constitutionality of a statute is to examine whether it is overbroad. State v. Lee, 96 N.J. 156, 164–65 (1984); State v. Badr, 415 N.J. Super. 455, 468 (App. Div. 2010). "The standard is not whether the law's meaning is sufficiently clear, but whether the reach of the law extends too far in fulfilling the State's interest." Lee, 96 N.J. at 165 (citing Town Tobacconist v. Kimmelman, 94 N.J. 85, 125 n.21 (1983)). If a statute is not overly broad, then the court must consider whether the statute is so vague as to deny due process because it fails to give adequate notice and warning of proscribed criminal or quasi-criminal conduct. State v. Hoffman, 149 N.J. 564, 581 (1997) (citing Screws v. United States, 325 U.S. 91, 101–02 (1945)).

Reviewing our prior decision and its description of defendant's crimes, as well as the elements of felony murder, Judge Massi rejected defendant's arguments regarding the unconstitutionality of the felony murder statute. He

A-4376-17T1

wrote that "[d]efendant's crime falls precisely within the conduct proscribed by N.J.S.A. 2C:11-3, and contrary to [d]efendant's assertion[,] the statute does provide a clear guide as to the potential sentence that could result from the violation[.]"

Defendant reiterates essentially the same arguments before us. We agree with Judge Massi's analysis and affirm his order substantially for the same reasons expressed in his written opinion. We add only the following.

Judge Massi did not address defendant's argument that the felony murder statute violates constitutional prohibitions against cruel and unusual punishment because it permits imposition of a life sentence, even though the actor did not engage in conduct that caused the victim's death. See N.J.S.A. 2C:11-3(a)(3) (defining felony murder as "criminal homicide . . . committed when the actor . . . engaged in the commission of" certain underlying offenses and "any person causes the death of a person other than one of the participants") (emphasis added). We rejected a similar argument more than thirty years ago. See State v. Johnson, 206 N.J. Super. 341, 343–44 (App. Div. 1985) (rejecting constitutional claim that thirty-year mandatory minimum sentence for felony murder was cruel and unusual punishment). We conclude this argument, and

any others we have not specifically addressed, lack sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION